UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Overlap, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-0161-CV-W-ODS |
| vs. | ) | |
| | ) | |
| AllianceBernstein Investments, Inc. | ) | |
| (f/k/a AllianceBernstein Investment | ) | |
| Research and Management, Inc., and | ) | |
| f/k/a Alliance Fund Distributors, Inc.), | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Comes now Defendant AllianceBernstein Investments, Inc., (hereinafter "Defendant" or "Alliance") and for its Answer to First Amended Complaint (hereafter "Complaint"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Alliance is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.      Alliance admits the allegations contained in paragraph 2 of the Complaint.

3.      Alliance admits that the court has jurisdiction over Alliance but denies that the amount in controversy, exclusive of interests and costs, exceeds $75,000.   Alliance also admits that the court has jurisdiction over the federal claims and that venue is proper, but denies that Plaintiff Overlap, Inc. (hereafter "Plaintiff" or "Overlap") is entitled to any relief pursuant to such claims.

4.      Alliance admits that Overlap has in the past distributed and licensed Overlap software, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5.      Alliance admits the allegations contained in paragraph 5 of the Complaint are true in a general sense for some stock mutual funds, but denies that the allegations are accurate for every fund or every stock mutual fund.

6.      Alliance admits the allegations contained in paragraph 6 of the Complaint.

7.      Alliance denies the allegations contained in paragraph 7 of the Complaint.

8.      Alliance admits that the Overlap software can generally be used by a broker to compare the stock portfolios held by two or more mutual funds to determine overlap and thereby advise his or her client.  Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.      Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11.     Alliance denies the allegations contained in paragraph 11 of the Complaint.

12.     Alliance denies the allegations contained in paragraph 12 of the Complaint.

13.     Alliance denies the allegations contained in paragraph 13 of the Complaint.

14.     Alliance admits that Overlap calls its software "Overlap" but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

<u>DEFENDANT'S VIOLATIONS OF OVERLAP'S SOFTWARE LICENSES</u>

20.     Alliance admits that it purchased software licenses from Overlap some time between 1997 and 2003. Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and therefore denies the same.

STLD01-1387689-2

21.     Alliance admits that it purchased software licenses from Overlap some time between 2000 and 2004. Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.     Alliance denies the allegations contained in paragraph 23 of the Complaint.

24.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25.     Alliance denies the allegations contained in paragraph 25 of the Complaint.

26.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27.     Alliance denies the allegations contained in paragraph 27 of the Complaint.

28.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30.     Alliance is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31.     Alliance is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32.     Alliance is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33.     Alliance is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34.     Alliance admits the allegations contained in paragraph 34 of the Complaint.

35.     Alliance denies the allegations contained in paragraph 35 of the Complaint.

36.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies the same.

37.     Alliance denies the allegations contained in paragraph 37 of the Complaint.

COUNT I

BREACH OF LICENSE AGREEMENT

38.     Alliance reasserts its answers to the preceding paragraphs.

39.     Alliance denies the allegations contained in paragraph 39 of the Complaint.

40.     Alliance denies the allegations contained in paragraph 40 of the Complaint.

41.     Alliance denies the allegations contained in paragraph 41 of the Complaint.

42.      Alliance reasserts its answers to the preceding paragraphs.

43.      Alliance denies the allegations contained in paragraph 43 of the Complaint.

44.      Alliance denies the allegations contained in paragraph 44 of the Complaint.

45.      Alliance denies the allegations contained in paragraph 45 of the Complaint.

46.      Alliance denies the allegations contained in paragraph 46 of the Complaint.

47.      Alliance denies the allegations contained in paragraph 47 of the Complaint.

COUNT III

COPYRIGHT INFRINGEMENT

48.      Alliance reasserts its answers to the preceding paragraphs.

49.      Alliance is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 49 of the Complaint and therefore denies the

same.

50.      Alliance denies the allegations contained in paragraph 50 of the Complaint.

51.      Alliance denies the allegations contained in paragraph 51 of the Complaint.

52.      Alliance denies the allegations contained in paragraph 52 of the Complaint.

53.      Alliance denies the allegations contained in paragraph 53 of the Complaint.

54.      Alliance denies the allegations contained in paragraph 54 of the Complaint.

55.      Alliance denies the allegations contained in paragraph 55 of the Complaint.

COUNT IV

TRADEMARK INFRINGEMENT

56.      Alliance reasserts its answers to the preceding paragraphs.

57.     Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore denies the same.

58.     Alliance denies the allegations contained in paragraph 58 of the Complaint.

59.     Alliance denies the allegations contained in paragraph 59 of the Complaint.

60.     Alliance denies the allegations contained in paragraph 60 of the Complaint.

61.     Alliance denies the allegations contained in paragraph 61 of the Complaint.

62.     Alliance denies the allegations contained in paragraph 62 of the Complaint.

63.     Alliance denies the allegations contained in paragraph 63 of the Complaint.

<u>COUNT V</u>

<u>FRAUD</u>

64.     Alliance reasserts its answers to the preceding paragraphs.

65.     Alliance denies the allegations contained in paragraph 65 of the Complaint.

66.     Alliance denies the allegations contained in paragraph 66 of the Complaint.

67.     Alliance denies the allegations contained in paragraph 67 of the Complaint.

68.     Alliance denies the allegations contained in paragraph 68 of the Complaint.

69.     Alliance denies the allegations contained in paragraph 69 of the Complaint.

70.     Alliance denies the allegations contained in paragraph 70 of the Complaint.

71.     Alliance denies the allegations contained in paragraph 71 of the Complaint.

72.     Alliance denies the allegations contained in paragraph 72 of the Complaint.

73.     Alliance denies the allegations contained in paragraph 73 of the Complaint.

74.     Alliance denies the allegations contained in paragraph 74 of the Complaint.

75.     Alliance denies the allegations contained in paragraph 75 of the Complaint.

76.     Alliance denies the allegations contained in paragraph 76 of the Complaint.

77.     Alliance denies the allegations contained in paragraph 77 of the Complaint.

## COUNT VI

## NEGLIGENT MISREPRESENTATION

78.     Alliance reasserts its answers to the preceding paragraphs.

79.     Alliance denies the allegations contained in paragraph 79 of the Complaint.

80.     Alliance denies the allegations contained in paragraph 80 of the Complaint.

81.     Alliance denies the allegations contained in paragraph 81 of the Complaint.

82.     Alliance denies the allegations contained in paragraph 82 of the Complaint.

83.     Alliance denies the allegations contained in paragraph 83 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint and each count therein fails to state a claim against Alliance upon which relief may be granted.

2.      Any harm or damage alleged by plaintiff was not caused by any act or omission of Alliance.

3.      Alliance did not enter into a license agreement as alleged by Overlap.

4.      Overlap's claims against Alliance are barred by waiver, estoppel, laches, unclean hands and/or acquiescence.

5.      Overlap's claims against Alliance are barred by the applicable statutes of limitations.

6.      Overlap's claims against Alliance may be barred, in whole or in part, by plaintiff's failure to mitigate its damages.

7.      Overlap's state law claims against Alliance may be preempted by federal law, including but not limited to federal statutes governing copyright, trademark and unfair competition.

8.     Overlap's claims against Alliance under Mo. Rev. Stat. § 417.056 are barred because Alliance did not act with intent to cause confusion, mistake or deception.

9.     Overlap's claims against Alliance for breach of license agreement are barred because the license agreement is an impermissible and unenforceable contract of adhesion.

10.    Overlap's claims against Alliance for breach of license agreement are barred because there is insufficient manifestation of Alliance's assent to its terms.

11.    To the extent Overlap alleges dilution of any trademark, its claims are barred by Overlap's inability to demonstrate that it owns a famous trademark.

12.    Overlap's alleged damages, if any, are the result of its own actions or failure to act.

13.    Overlap's trademark and unfair competition claims fail because its claimed mark is not sufficiently distinctive, has not acquired or does not have sufficient secondary meaning, is generic or merely descriptive and/or is otherwise not subject to protection as a trademark.

14.    Overlap's trademark and unfair competition claims fail because any alleged use by defendant was authorized, implicitly or expressly, by plaintiff.

15.    Overlap's trademark is invalid because, among other reasons, plaintiff fraudulently obtained its registration and failed to sufficiently control the use of its mark.

16.    Overlap's alleged use of the claimed trademark constitutes fair use, nominal use, or was otherwise de minimis.

17.    Overlap's trademark and unfair competition claims are barred by plaintiff's unclean hands, and by the doctrine of intellectual property misuse.

18.    Alliance reserves the right to assert such additional defenses or matters in avoidance as may be discovered during the course of investigation, inquiry, or discovery.

WHEREFORE, Alliance respectfully requests that the Complaint be dismissed in its entirety and for its costs and attorneys fees incurred in this matter and for such other and further relief as is deemed appropriate by the Court.

JURY DEMAND

Alliance requests trial by jury of all claims so triable.

DATED this 4th day of February, 2008.

BLACKWELL SANDERS LLP

By:/s/ Gary A. Pierson II
  Jeffrey J. Kalinowski
  Gary A. Pierson II
  720 Olive Street, 24th Floor
  St. Louis, Missouri 63101
  (314) 345-6000
  (314) 345-6060 (Facsimile)

  Attorneys for Defendant AllianceBernstein Investments, Inc.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 4th day of February, 2008, a true and correct copy of the foregoing was mailed, first-class postage prepaid, to:

Mark V. Dugan
Stueve Siegel Hanson Woody, LLP
330 West 47th Street, Ste. 250
Kansas City, MO 64112
*Attorneys for Plaintiff*

/s/ Gary A. Pierson II